**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ANGELA NAILS,

    **Plaintiff,**                                 Case No. 17-cv-10453

    v.                                        District Judge John Corbett O'Meara

DEPARTMENT OF THE TREASURY,        Magistrate Judge Mona K. Majzoub
and INTERNAL REVENUE SERVICE,

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff Angela Nails filed the present action seeking a federal tax refund from Defendants the Internal Revenue Service ("IRS") and the Department of the Treasury ("Treasury"). (Docket no. 1.) Plaintiff contends that Defendants failed to review her refund request within 60 days, which—according to Plaintiff—Defendants committed to do. Accordingly, Plaintiff requests damages in the amount of the refund, $4,205,999.00. (*Id.*)

The Court granted Plaintiff's application to proceed *in forma pauperis*. (Docket no. 4.) For an action proceeding *in forma pauperis*, the court shall dismiss the case at any time if the court determines that the action fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

This action has been referred to the undersigned for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 15.)

**I.       RECOMMENDATION**

For the reasons that follow, it is recommended that the Court **DISMISS** Plaintiff's complaint for failure to state a claim as required by 28 U.S.C. § 1915(e)(2)(B)(ii).

**II.      REPORT**

   **A.      Background**

On February 10, 2017, Plaintiff filed the present action seeking a tax refund from Defendants, the IRS and the Treasury. (Docket no. 1.) Plaintiff asserts that Defendants failed to review her refund request within 60 days, which Plaintiff contends that Defendants are required to do. The complaint comprises three paragraphs, which are excerpted below:

### COMPLAINT

> The Defendant did not follow the process of answering a back to documentation as states on the documentation the Defendant used to mail one page letters to the Plaintiff to commit to answering to the information on the document page. The Defendant changed the amount due to -0- from the amount owed to the tax payer of the amount $4,205,999.00. The letter dated February 28, 2014 gives the Defendant sixty days to conduct a review of the refund of the refund of the Plaintiff and when not hearing from the Defendant the Plaintiff should contact the Defendant. After the sixty days pass the Defendant did not address the Plaintiff review. The review letter to the Plaintiff is dated 60 days after the letter sent the month of February 4, 2013 saying the review will take 60 days to complete about the refund you say is due to you.
>
> The next letter did not come about the Plaintiff refund not until February 28, 14 and June 19, 2014. The IRS must provide an answer timely to the dates stated on the letters to the tax payer and if the Defendant does not then the Defendant must provide the tax payer with the amount of the refund. The Defendant has not provided the Plaintiff with the refund. And the Plaintiff ask for the refund to be issue base on the time regulation of the Internal Revenue rule(s) to respond timely to the dates by law on the letters mail to the tax payer.

### DAMGES

> The damages amount is the amount of the refund $4,205,999.00 and interest due beginning with 2013 the year the refund was filed other damages are not having money to pay the monthly amount of debts.

(*Id.*)

Plaintiff filed a request for entry of default and default judgment against both Defendants (docket no. 11), which was rejected by the Clerk's Office because Plaintiff failed to present a "green card" showing proof of service on Defendants. (Docket no. 12.) Plaintiff filed a "motion to accept service," contending that the green card was lost in the mail, and that she submitted an electronic receipt showing that Defendants had been served. (Docket no. 14.) Plaintiff cites no law or court rules in support of the motion, but appears to request that the Court deem that both Defendants have been properly served. (*Id.*)

**B.     Analysis**

On March 1, 2017, the Court granted Plaintiff's application to proceed *in forma pauperis*. (Docket no. 4.) The court shall dismiss an action proceeding *in forma pauperis* "at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). For the reasons set forth below, the Court should dismiss this action.

*1. Governing Law*

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. The court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). To survive a Rule 12(b)(6) motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted). *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). This acceptance of factual allegations as true, however, is inapplicable to legal conclusions: "Threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

While courts must apply "less stringent standards" in determining whether *pro se* pleadings state a claim for which relief can be granted, *pro se* plaintiffs are not automatically entitled to take every case to trial. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citation omitted). The lenient treatment generally accorded to *pro se* litigants has limits. *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir.1991). *Pro se* litigants are required to meet basic pleading standards. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir.1989). "Liberal construction does not require a court to conjure allegations on a litigant's behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (quoting *Erwin v. Edwards*, 22 Fed. Appx. 579, 580 (6th Cir. 2001)).

    2. *Application*

The undersigned has made reasonable efforts to determine whether Plaintiff's factual assertions could form the basis of a legal claim. Having reviewed the pleadings, the Court understands Plaintiff's claim essentially as follows: (1) Plaintiff requested a tax refund; (2) the IRS communicated to Plaintiff that it would review Plaintiff's request within 60 days; (3) after more than 60 days had passed, the IRS denied Plaintiff's request. (*See generally* docket no. 1.) Against this factual background, Plaintiff contends that "[t]he IRS must provide an answer timely to the dates stated on the letters to the tax payer and if the Defendant does not then the Defendant must provide the tax payer with the amount of the refund."

Plaintiff cites no legal theory in support the above assertion. Nor does Plaintiff plead adequate facts to demonstrate that she is entitled to a tax refund in the amount of $4,205,999.00. Accordingly, even when construed liberally, Plaintiff's complaint fails to state a claim for which relief may be granted.

4

### C. Conclusion

For the reasons stated herein, it is recommended that the Court **DISMISS** Plaintiff's complaint for failure to state a claim as required by 28 U.S.C. § 1915(e)(2)(B)(ii).

## III. NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: December 5, 2017           s/ Mona K. Majzoub
                                  MONA K. MAJZOUB
                                  UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

      I hereby certify that a copy of this Report and Recommendation was served upon Plaintiff and counsel of record on this date.

Dated: December 5, 2017           s/ Leanne Hosking
                                  Case Manager